UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARGARETTA BLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:15 CV 425 RWS |
| | ) | |
| LVNV FUNDING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

After I granted in part and denied in part defendant's motion to dismiss, defendant filed a motion for summary judgment on the same day it filed its answer to the second amended complaint. This case has not yet been set for a Rule 16 conference, and no case management order has been entered. Discovery is not yet permitted, and no discovery has taken place. Plaintiff seeks a stay of summary judgment under Rule 56(d) of the Federal Rules of Civil Procedure, pointing out that she has not yet had the opportunity to depose the witness who submitted an affidavit in support of summary judgment, find and/or depose additional witnesses, or seek written discovery from defendant.

Plaintiff's Fair Debt Collection Practices Act claims include one that she did not receive notification of her dispute rights. In its motion for summary judgment, defendant asserts that a law firm sent plaintiff a collection letter which included her dispute rights. In support of this assertion, defendant submits an affidavit from a lawyer at the law firm claiming that it is part of the law firm's "regular practice" to send out a form collection letter to debtors. The affiant does not testify that he personally sent the letter to plaintiff, nor does he attach an actual copy of a letter sent to plaintiff. Instead, he merely avers that a form letter must have been sent to plaintiff

because there is no evidence that it was returned as undeliverable. Of course, if the letter was never sent – as plaintiff alleges – it could not be returned as undeliverable. Despite this obvious factual dispute, defendant contends that plaintiff should not even be permitted to conduct discovery on this – or any other – issues before responding to summary judgment. In fact, defendant takes umbrage that plaintiff would even dare to "question the credibility of [affiant]" because he has "practiced law for over twenty years." The Court finds defendant's position untenable. Plaintiff has easily shown why summary judgment should not be decided without first giving her the opportunity to conduct discovery on her claims. Plaintiff must be permitted to determine (among other things) whether, in fact, a letter was actually sent to her by the law firm, and conducting discovery on this and the other issues in this case does not impugn the integrity of the affiant or amount to, as defendant argues, a "fishing expedition." Although I could simply deny the motion for summary judgment under Fed. R. Civ. P. 56(d) for this reason, the more "appropriate order," *see* Fed. R. Civ. P. 56(d)(3), is to deny the motion without prejudice to being refiled after the parties have had an adequate opportunity to conduct discovery. Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [33] is denied without prejudice to being refiled after discovery and in accordance with the provisions of the case management order that will be entered in this case.

**IT IS FURTHER ORDERED** that plaintiff's motion for stay [36] is denied as moot.

**IT IS FURTHER ORDERED** that this case will be set for a Rule 16 scheduling conference by separate Order.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of October, 2015.

2